**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CASE NO:**

SHARY ECKERT, on behalf of
herself and all others similarly situated,

Plaintiff(s),

v.

KMK HOSPITALITY, INC.,

Defendant.
_____________________________________/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SHARY ECKERT ("Plaintiff"), on behalf of herself and all others similarly situated, and pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"), files this Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, KMK HOSPITALITY, INC. ("KMK" or "Defendant"), for its failure to pay Servers, Bartenders, and tip-earning front-of-the-house employees ("Tipped Workers") federal and state mandated minimum and overtime wages:

**INTRODUCTION**

1. Plaintiff brings this collective action lawsuit pursuant to the FLSA, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), on behalf of herself and all other servers, bartenders, and front-of-the-house employees who earn tips (collectively "Tipped Workers") and who worked at Metropolitan Cafe, located at 8 E. Main Street, Freehold, New Jersey 07728, during the applicable statutory period. Defendant violated the FLSA by: (1) paying Tipped Workers a sub-minimum

wage, without first furnishing them with sufficient notice of the Defendant's intent to take a tip credit under the FLSA, and (2) failing to compensate Tipped Workers requisite FLSA overtime rates when they worked over 40 hours in a workweek. Defendant further violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to share tips with managers and supervisors, in direct violation of 29 U.S.C. § 203(m)(2)(B), which prohibits employers from retaining employee tips "for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." As a result, Plaintiff and all similarly situated Tipped Workers were deprived of both federal minimum and overtime wages during various workweeks within the Relevant Time Period.[1] Plaintiff also brings claims in her individual capacity under the NJWHL, including N.J.S.A. 34:11-56a et seq and NJWPL for Defendant's violations of New Jersey wage and hour law.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Freehold, New Jersey, over the age of 18 years, and otherwise *sui juris.*

3. Plaintiff worked for Defendant as a Server/Bartender at Metropolitan Café in Freehold, New Jersey, from in or around June 1, 2024, through in or around August 30, 2025.

4. Plaintiff and the putative FLSA Collective Members are/were Tipped Workers who worked for Defendant within the last three (3) years at Metropolitan Café located at 8 E. Main Street, Freehold, New Jersey 07728.

5. The proposed Collective Members worked for Defendant in the same capacity as Plaintiff in that they were non-exempt, hourly-paid Tipped Workers for Defendant.

[1] The Relevant Time Period for Plaintiff's NJWHL claims is the 6-year period preceding the filing of this Complaint. The Relevant Time Period for Plaintiff's claims under the FLSA is the three (3) years preceding the filing of this Complaint, as Defendant's violations were willful within the meaning of 29 U.S.C. § 255(a).

6. During all times material hereto, Defendant was a New Jersey corporation operating and transacting business within Freehold, New Jersey, within the jurisdiction of this Honorable Court. Defendant may be served through its registered agent.

7. During all times material hereto, Defendant owned, operated, and controlled the restaurant where Plaintiff, a former Server/Bartender, and all other Tipped Workers worked, Metropolitan Café, located at 8 E. Main Street, Freehold, New Jersey 07728.

8. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of Metropolitan Café located at 8 E. Main Street, Freehold, New Jersey 07728.

9. Defendant implements uniform pay, tip, and time-keeping practices that applied to Plaintiff during his employment as well as to all Tipped Workers during the Relevant Time Period at Metropolitan Café located at 8 E. Main Street, Freehold, New Jersey 07728.

10. During all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NJWHL, NJWPL and the implementing regulations thereunder.

11. Defendant was the "employer" of Plaintiff and all members of the putative Collective and class as that term is defined by the FLSA during all times pertinent to the allegations herein. The work performed by Plaintiff and the FLSA Collective Members was directly essential to the business operated by Defendant.

12. During all times material hereto, Plaintiff was employed by Defendant within the meaning of NJWHL and NJWPL.

13. Plaintiff seeks certification of the following collective under 29 U.S.C. § 216(b):

> **<u>FLSA Collective</u>: All current and former Tipped Workers who worked at Metropolitan Café, located in Freehold, New Jersey, at any time from March**

**18, 2023, through the date of final judgment in this matter, who elect to opt into this action pursuant to 29 U.S.C. § 216(b).**

14. The precise size and identity of each class should be ascertainable from the business records, tax records, and/or personnel records of Defendant; however, Plaintiff estimates that the total number of Collective Members exceeds 50 Tipped Workers.

## JURISDICTION AND VENUE

15. This action is brought under 29 U.S.C. § 216(b), the NJWHL and NJWPL, to recover damages from Defendant.

16. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

17. The acts and/or omissions giving rise to this dispute took place within Freehold, New Jersey, which falls within the jurisdiction of this Honorable Court.

18. Defendant regularly transacts business in Freehold, New Jersey, and jurisdiction is therefore proper.

19. Venue is also proper within the District of New Jersey.

## FLSA COVERAGE

20. Defendant is an enterprise covered by the FLSA because it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant owns and operates a restaurant that employs waitstaff, cooks, bussers, dishwashers, and other personnel to provide dine-in food and beverage service to customers.

21. Throughout the Relevant Time Period, Defendant employed at least two or more individuals who regularly performed tasks essential to the daily functioning of the restaurant, such as handling transactions and serving customers.

22. In performing their job duties, Defendant's employees routinely handled and used goods and materials that were manufactured outside the state and had previously moved in interstate commerce before arriving at Defendant's restaurant. These items included, but were not limited to: chicken, mozzarella, crab, bread, onions, spices, mayonnaise, mustard, lettuce, tomatoes, avocados, parmesan cheese, vinaigrette, bleu cheese, spinach, pecans, apples, gorgonzola cheese, Swiss cheese, bacon, eggs, pork, turkey, sauerkraut, cheddar cheese, mushrooms, cucumbers, carrots, haddock fish, rice, pasta, salmon, sweet potato, cabbage, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, flour, coffee, tea, soda, and other goods and materials commonly used in the food service industries.

23. Based on Plaintiff's experience and observations while employed by Defendant, these goods and materials were regularly delivered to the restaurant by commercial suppliers and were essential to its daily operations. Employees relied on these items to prepare menu offerings, process customer payments, maintain cleanliness, and perform general front-of-house and back-of-house tasks.

24. Based on the volume of business conducted, the frequency of inventory deliveries, and the scope of operations observed by Plaintiff, Defendant's restaurant generated gross annual revenue in excess of $500,000.00 in, 2023, 2024, and 2025, and is reasonably expected to exceed that threshold in 2026.

## **GENERAL ALLEGATIONS**

25. Defendant operates Metropolitan Café in Freehold, New Jersey.

26. Defendant employs Tipped Workers at Metropolitan Café and compensates these individuals less than the applicable federal minimum wage and state minimum wage required in New Jersey.

27. In June 2024, Defendant hired Plaintiff to work as a Server/Bartender.

28. After hiring her, Defendant compensated Plaintiff at a sub-minimum wage rate of $5.26 per hour.

29. The minimum wage in State of New Jersey in June 2024 was $15.13.

30. The minimum wage in the State of New Jersey in 2025 was $15.49.

31. Defendant similarly compensated Tipped Workers at an hourly rate below the statutorily mandated federal and state minimum in the State of New Jersey.

32. Throughout Plaintiff's employment at Metropolitan Café, Defendant attempted to claim a tip credit toward its minimum wage obligations owed to Plaintiff for her work performed as a Server and/or Bartender.

33. Defendant similarly attempted to claim a tip credit toward its minimum wage obligations for each hour worked by Tipped Workers.

34. Throughout her employment at Metropolitan Café, Plaintiff's schedule varied, but she generally worked 35-40 hours per week unless she missed time for vacation, sick days, or holidays, or obtained additional shifts.

35. In certain weeks within the past 3 years, Plaintiff worked more than 40 hours.

**DEFENDANT VIOLATED THE FLSA BY FAILING TO PROVIDE A SUFFIIENT TIP CREDIT NOTICE TO PLAINTIFF AND MEMBERS OF THE COLLECTIVE**

36. The FLSA permits an employer to take a tip credit only if it satisfies strict conditions, including providing the employee with clear advance notice: (1) the amount of the tip credit; (2) the cash wage the employer will pay; (3) the employee's right to retain all tips (except in a lawful tip pool); and (4) the employer's inability to take a tip credit without satisfying these requirements. 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59.

37. The maximum tip credit that an employer is legally permitted to take under the FLSA is $5.12 per hour regardless of whether the tip credit is toward the federal minimum wage or federal overtime wage.

38. Here, the Defendant failed to provide sufficient notice to Plaintiff and the Collective Members that it would take the maximum tip credit permissible under the FLSA of $5.12 per hour.

39. Accordingly, Defendant is not permitted to take any tip credit under the FLSA toward its minimum or overtime wage obligations.

**DEFENDANT VIOLATED THE FLSA BY FAILING TO PROPERLY CALCULATE THE OVERTIME RATE OWED TO PLAINTIFF AND MEMBERS OF THE COLLECTIVE WHEN THEY WORKED MORE THAN 40 HOURS IN A WORKWEEK**

40. Under 29 U.S.C. § 207, an employer is required to pay its employee one-and-one half times their full regular rate of pay for all hours worked over forty (40) in a workweek.

41. For tipped employees, the regular rate includes all remuneration, and overtime must be calculated based on the full minimum wage; not merely a reduced sub-minimum wage.

42. An employer is not permitted to take any tip credit toward overtime wages under the FLSA, unless it has first complied with the tip credit notice requirements.

43. The maximum tip credit that an employer is legally permitted to take under the FLSA is $5.12 per hour regardless of whether the tip credit is toward the federal minimum wage or federal overtime wage.

44. Plaintiff and Collective Members worked more than 40 hours in one or more workweeks during their employment.

45. Defendant failed to properly calculate the Plaintiff’s regular hourly rate for purposes of determining the required overtime rate that was owed to Plaintiff and therefore failed to properly compensate Plaintiff and Collective Members when they worked over 40 hours in a workweek.

46. For example, during the workweek of March 31, 2025, through April 6, 2025, the Plaintiff worked more than 40 hours, and the Defendant took a tip credit that exceed $5.12 for the overtime compensation that week:

STARHR

**Service Provided For:**
KMK HOSPITALITY INC THE METROPOLITAN
8 E Main St
Freehold, NJ 07728-2202

01-WELLS FARGO BANK
MINNEAPOLIS,MN 55479
021200025

**Check No:** 476006
**Date:** 4/10/2025

**Pay To:** SHARY G ECKERT
**Amount:** NON-NEGOTIABLE DO NOT CASH

$ ********0.00
*Void After 180 Days*

DO NOT CASH

SHARY G ECKERT
21 JERSEYVILLE AVE
Freehold, NJ 07728-2311

**Pay Date: 04/10/2025 Period: 03/31/2025 - 04/06/2025**

| Employee | Client | Client/EmpNo/SSN |
|---|---|---|
| SHARY G ECKERT | KMK HOSPITALITY INC THE METROPOLITAN | 1084 |
| 21 JERSEYVILLE AVE | 8 E Main St | 68 |
| Freehold, NJ 07728-2311 | Freehold, NJ 07728-2202 | ***-**-4021 |

| Check No. | Gross Pay | Tips/NonPay | Taxes | Deductions | Net | Direct Deposit | Check Amount | Fed Taxable |
|---|---|---|---|---|---|---|---|---|
| 476006 | 1,234.24 | 956.00 | 154.76 | 0.00 | 1,064.48 | 1,064.48 | 0.00 | 1,234.24 |
| YTD | 13,660.57 | 11,248.54 | 1,664.03 | 0.00 | 11,864.35 | 11,864.35 | 0.00 | 13,660.57 |

| Pay Type | Hrs Wrkd | Hours | Rate | Current | YTD |
|---|---|---|---|---|---|
| MEMO TIPS | 0.00 | 0.00 | 0.00 | 15.00 | 132.19 |
| PAID TIPS | 0.00 | 0.00 | 0.00 | 941.00 | 11,116.35 |
| REGULAR | 0.00 | 40.00 | 5.62 | 224.80 | 2,358.59 |
| RESTAURANT OVERTIME | 0.00 | 4.00 | 13.36 | 53.44 | 53.44 |
| Total Earnings | 0.00 | 44.00 | | 1,234.24 | 13,660.57 |

| Taxes | Current | YTD |
|---|---|---|
| Soc Sec | 76.52 | 846.95 |
| State Withholding - NJ | 35.46 | 367.32 |
| Medicare | 17.90 | 198.08 |
| Federal Income Tax | 12.72 | 117.13 |
| SUI Withholding - NJ | 5.25 | 58.07 |
| FLI Withholding - NJ | 4.07 | 45.07 |
| SDI Withholding - NJ | 2.84 | 31.41 |
| Total Taxes | 154.76 | 1,664.03 |

| Direct Deposits | Amount |
|---|---|
| CHECKING Acct: ***************0796 | 212.90 |
| CHECKING Acct: ***************6275 | 851.58 |

47. The paystub above demonstrates that the Plaintiff worked 4 hours of overtime during the workweek of March 31, 2025, through April 6, 2025, and was paid an overtime rate of $13.36 for these overtime hours.

48. The applicable minimum wage in New Jersey (and applicable regular hourly rate for purposes of determining the federal overtime rate) during this period was $15.49.

49. Accordingly, the federal overtime rate owed to Plaintiff during this period was 1.5 times the regular hourly rate, which yields $23.23 per overtime hour.

50. Even if Defendant could take an FLSA tip credit toward this overtime rate (which it could not), it was prohibited from taking more than a $5.12 tip credit under the FLSA, which means the federal overtime rate could not be less than $18.11 per overtime hour.

51. These paystubs show that Defendant clearly violated the FLSA when Plaintiff worked overtime in 2025 because it paid her less than $18.11 per overtime hour.

**DEFENDANT VIOLATED THE FLSA BY UNLAWFULLY REQUIRING TIPPED WORKERS TO SHARE THEIR TIPS WITH INELIGIBLE RECIPIENTS**

52. Under the FLSA, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B).

53. The FLSA prohibits employers from keeping employees' tips regardless of whether the employer claims a tip credit.

54. Defendant unlawfully required Plaintiff to share earned tips with individuals employed in managerial and supervisory positions - persons who are categorically prohibited from participating in tip pools or tip shares under the FLSA.

55. Specifically, Defendant implemented a tip pooling arrangement that compelled Plaintiff and other Tipped Workers to surrender all customer tips to a pool that included managers and/or supervisors.

56. Defendant's actions were not taken in good faith. Despite the clear prohibition under federal law, Defendant continued to operate and enforce the unlawful tip pooling arrangement, thereby knowingly violating the FLSA.

57. Under the FLSA, "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B).

**DEFENDANT VIOLATED THE NJWHL BY FAILING TO PROVIDE SUFFICIENT TIP CREDIT NOTICE TO PLAINTIFF**

58. When Defendant hired Plaintiff, Defendant did not provide Plaintiff with sufficient notice setting forth the amount of the tip credit claimed by Defendant and other pertinent information as required by New Jersey law.

59. Similarly, when Defendant hired other Tipped Workers during the Relevant Time Period, Defendant failed to provide these employees with sufficient tip credit notice under New Jersey law.

60. Because Defendant failed to properly furnish Plaintiff with sufficient tip credit notice under New Jersey law prior to Plaintiff commencing employment with Defendant, Defendant did not meet the statutory prerequisites for taking a tip credit under the NJWHL and was thus not entitled to claim any tip credit against minimum wages owed to Plaintiff.

61. During all times material hereto, Defendant was required to compensate Plaintiff the full applicable New Jersey statutory minimum wage for all hours worked up to forty (40) in a workweek.

62. Given Defendant's failure to properly furnish its Tipped Workers with sufficient tip credit notice under NJWHL, Defendant is not entitled to claim tip credit for any hours worked by these employees and must compensate them at the full applicable New Jersey statutory minimum wage for all hours worked up to forty (40) in a workweek.

63. Defendant's violations of the FLSA and NJWHL were willful and not in good faith.

**COUNT I – COLLECTIVE ACTION FOR FLSA VIOLATIONS**
**(Brought on Behalf of Plaintiff and the FLSA Collective)**

64. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. During all times material hereto, Plaintiff and all other Tipped Workers have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and the Collective Members their rightfully earned wages and tips.

66. The FLSA permits an employer of tipped employees to satisfy a portion of its minimum wage obligation by taking a "tip credit" against the full federal minimum wage, but only up to the maximum amount allowed by 29 U.S.C. §§ 203(m)(2)(A) and 206(a).

67. The FLSA permits an employer to take a tip credit only if it satisfies strict conditions, including providing the employee with clear advance notice: (1) the amount of the tip credit; (2) the cash wage the employer will pay; (3) the employee's right to retain all tips (except in a lawful tip pool); and (4) the employer's inability to take a tip credit without satisfying these requirements. 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59.

68. During the applicable limitations period, the federal minimum wage was $7.25 per hour. Under 29 U.S.C. § 203(m)(2)(A), the minimum cash wage for a tipped employee is $2.13 per hour, and the maximum tip credit an employer may claim is therefore $5.12 per hour.

69. Defendant failed to provide Plaintiff and Collective Members with sufficient tip credit notice required under the FLSA and then paid Plaintiff and Collective Members less than $7.25 per hour in violation of the FLSA.

70. The FLSA's tip-credit limitations apply equally to hours worked more than forty (40) in a workweek.

71. When a tipped employee works overtime, the employer must pay an overtime rate based on one and one-half times the full minimum wage, and may still claim a tip credit, but the amount of the tip credit may not exceed $5.12 per hour.

72. Thus, for overtime hours worked during the relevant period, Defendant was required to pay Plaintiff a cash overtime rate of at least 1.5 times the Plaintiff's regular hourly rate.

73. Because the regular hourly rate cannot be less than the applicable New Jersey minimum wage, that regular hourly rate in 2024 was $15.13 and in 2025 was $15.49.

74. Accordingly, the FLSA overtime rate owed to Plaintiff and the Collective Members when they worked over 40 hours in 2024 was $22.69 and in 2025 was $23.23.

75. The maximum FLSA tip credit Defendant could take toward these overtime wages in 2024 (if it provided a sufficient FLSA tip credit notice) was $5.12 per overtime hour, which means Defendant was required to pay no less than $17.57 per overtime hour to satisfy the FLSA.

76. The maximum FLSA tip credit Defendant could take toward these overtime wages in 2025 (if it provided a sufficient FLSA tip credit notice) was $5.12 per overtime hour, which means Defendant was required to pay no less than $18.11 per overtime hour to satisfy the FLSA

77. Defendant failed to pay Plaintiff and Collective Members these amounts for overtime work in 2024 and 2025 in violation of the FLSA.

78. Throughout the Relevant Time Period, Defendant implemented and maintained a policy and practice of requiring Plaintiff and the Collective Members to participate in a tip pooling arrangement that included ineligible recipients, specifically managers and supervisors, in violation of Section 203(m) of the FLSA and its supporting regulations.

79. Under this policy, Plaintiff and the Collective Members were required to surrender all or part of their earned tips to a tip pool from which managerial and/or supervisory staff unlawfully received distributions.

80. An FLSA violation is "willful" if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988).

81. Defendant did not seek guidance from the U.S. Department of Labor or legal professionals concerning its wage and hour practices involving Tipped Workers.

82. Defendant acted willfully in violating the FLSA. It continued to require Tipped Workers to share tips with ineligible managerial staff despite knowing or recklessly disregarding the fact that such conduct was unlawful under federal law.

83. As a result of Defendant's unlawful tip credit practice, overtime practices, and tip pooling practices, Plaintiff and the Collective Members were deprived of tips and gratuities that rightfully belonged to them.

84. Pursuant to 29 U.S.C. § 216(b), Plaintiff and Collective Members are entitled to recover from Defendant all unpaid minimum wages resulting from Defendant's unlawful tip credit practices, and an additional and equal amount as liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

85. Pursuant to 29 U.S.C. 216(b), Plaintiff and Collective Members are entitled to recover from Defendant all unpaid overtime wages resulting from Defendant's unlawful tip credit practices, an additional and equal amount as liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

86. Pursuant to 29 U.S.C. 216(b), Plaintiff and Collective Members are entitled to recover from Defendant all misappropriated tips they had to share with ineligible recipients, an additional and equal amount as liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, SHARY ECKERT, on behalf of herself and others similarly situated, seeks an Order: (a) certifying a collective of similarly situated individuals and naming Plaintiff the Representative of the FLSA Collective; (b) awarding recovery of unpaid minimum wages to be paid by Defendant to Plaintiff and Collective Members; (c) awarding recovery of unpaid overtime wages to be paid by Defendant to Plaintiff and Collective Members; (d) awarding recovery of misappropriated tips to be paid by Defendant to Plaintiff and Collective Members; (e) awarding liquidated damages to be paid by Defendant to Plaintiff and Collective Members; (f) awarding reasonable attorney's fees and costs to be paid by Defendant, and any and all such other relief as may be deemed just and appropriate under the circumstances.

## COUNT II – NEW JERSEY WAGE & HOUR LAW VIOLATIONS
**(Unpaid Minimum and Overtime Wages – N.J.S.A. 34:11-56a et seq; N.J.A.C. 12:56 et seq.)**

87. Plaintiff re-alleges and re-avers paragraphs 1 through 57 as though set forth herein.

88. The NJWHL requires employers to pay covered, non-exempt employees at least the applicable minimum wage for all hours worked and overtime compensation at one and one-half times the employee's regular rate for hours worked over forty in a workweek.

89. New Jersey law permits an employer to take a tip credit only if it has informed tipped employees in advance of the statutorily and regulatorily required information and otherwise complied with the conditions governing tipped work.

90. New Jersey law also prohibits an employer from taking a tip credit for time spent by a tipped employee performing related non-tipped duties in excess of the permissible amount and for non-tipped work not part of the tipped occupation.

91. Defendant violated the NJWHL by, among other things: (a) failing to Plaintiff the full minimum wage for all hours worked; (b) unlawfully claiming a tip credit without satisfying the prerequisites for doing so; (c) paying the tipped cash wage for side work and non-tip-producing work for which no tip credit could lawfully be taken; and (d) failing to pay proper overtime compensation for hours worked over forty in a workweek.

92. Defendant's violations were knowing, willful, and in bad faith.

93. As a result of Defendant's unlawful conduct, Plaintiff is entitled to recover all unpaid wages, liquidated damages, attorney's fees, costs, pre-judgment and post-judgment interest, and all other relief available under New Jersey law.

WHEREFORE, Plaintiff, SHARY ECKERT, on behalf of herself, seeks an Order: (a) awarding Plaintiff recovery of unpaid New Jersey minimum wages to be paid by Defendant; (b) awarding Plaintiff recovery of unpaid New Jersey overtime wages to be paid by Defendant; (c) awarding liquidated damages to be paid by Defendant to Plaintiff; (d) awarding reasonable attorney's fees and costs to be paid by Defendant, and any and all such other relief as may be deemed just and appropriate under the circumstances

## COUNT III – NEW JERSEY WAGE PAYMENT LAW VIOLATIONS
**(Unlawful Withholding & Misappropriation of Wages and Tips – N.J.S.A. 34:11-4.1 et seq)**

94. Plaintiff re-alleges and re-avers paragraphs 1 through 57 as though set forth herein.

95. The NJWPL governs the time, manner, and mode of wage payments and prohibits employers from withholding wages except for deductions expressly permitted by law.

96. Under New Jersey law, tips are the sole property of the employee, and an employer may not take any portion of an employee's earned tips for any purpose of than as wages or in furtherance of a lawful tip pool.

97. Defendant violated NJWPL by unlawfully withholding, diverting, retaining, and/or misappropriating Plaintiff's wages and tips.

98. Among other things, Defendant failed to remit all earned gratuities, retained portions of charged tips, and deducted or retained portions of tips to offset credit-card processing fees or related business expenses.

99. Defendant also unlawfully withheld earned wages and gratuities from Plaintiff, including approximately $700.00 in tips earned by Plaintiff but not paid to her.

100. Defendant's deductions and retentions are not deductions permitted by NJWPL.

101. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

102. Plaintiff is entitled to recover all unlawfully withheld wages and tips, liquidated damages, attorney's fees, costs, pre-judgment and post-judgment interest, and all other relief available under New Jersey law.

WHEREFORE, Plaintiff, SHARY ECKERT, on behalf of herself, seeks an Order: (a) awarding Plaintiff all misappropriated tips to be paid by Defendant; (b) awarding liquidated damages to Plaintiff, due to Defendant's willful and/or reckless violations of the law; (c) awarding reasonable attorneys' fees and costs pursuant to New Jersey law; (d) awarding pre-judgment and post-judgment interest as permitted by law; and (e) granting such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, SHARY ECKERT, on behalf of herself and the collective demands a trial by jury on all appropriate claims.

**Date: March 30, 2026.**

Respectfully Submitted,

**MORGAN & MORGAN, P.A.**
8151 Peters Road 4th Floor
Plantation, Florida 33324
Ph: (954) 327-5355
E-mail: afrisch@forthepeople.com

By: /s/ Andrew R. Frisch
Andrew Frisch

**USA EMPLOYMENT LAWYERS**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
E-mail: jordan@jordanrichardspllc.com
E-mail: michael@usaemploymentlawyers.com
*Counsel for Plaintiff and the Putative Collective*

By: */s/ Jordan Richards*
Jordan Richards
Pro Hac Vice (Pending)